IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-76-FL-1

| | | |
|---|---|---|
| JAMMEE DUCHEA TERRY | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for help in filing against public defender (DE 84); the court's notice pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003) (DE 86); and petitioner's response thereto (DE 87). In his response, petitioner asserts that he does not want the court to characterize his motion (DE 84) as a § 2255 motion, but rather moves therein to withdraw (DE 87) said motion and to proceed on the basis of two additional filings made on January 9, 2017, one of which is a "motion to reinstate direct appeal rights" (DE 88) (hereinafter "motion to reinstate"), and the other of which is a "motion to receive court documents at government's expense" (DE 89) (hereinafter "motion for court documents"). Because of the nature of relief sought, the court addresses petitioner's motion to withdraw in conjunction with the motion to reinstate.

A.    Motion to Reinstate and Motion to Withdraw

In his motion to reinstate, petitioner asserts a claim of ineffective assistance of counsel on the basis that trial counsel failed to notice an appeal as directed by petitioner. (<u>See</u> DE 84). Petitioner seeks an opportunity to file now a direct appeal of his judgment of conviction entered in

July 2014. Because of the nature of the relief sought, in attacking the original judgment of conviction, the court must again provide notice to petitioner pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion to reinstate as an attempt to file a motion to vacate, set aside, or correct, his sentence under 28 U.S.C. § 2255.[1]

Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

Where petitioner also asserted on September 26, 2016, in substance a claim for ineffective assistance of counsel, the court provides notice that it will construe petitioner's claim asserted in the motion to reinstate as having been brought on that date, if petitioner consents to the recharacterization. Accordingly, petitioner's motion to withdraw (DE 87) his motion in letter form for help in filing against public defender (DE 84), so denominated, is ALLOWED, subject to reservation that the motion may be reinstated upon recharacterization as a § 2255 motion.

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if,

---

[1] Petitioner suggests in his motion that the district court may determine whether petitioner requested that his counsel file a notice of appeal, outside the context of a § 2255 motion. In the case petitioner cites in support of this suggestion, however, United States v. Nagib, 44 F.3d 619 (7th Cir. 1995), the petitioner asserted the claim by filing a § 2255 motion. See id. at 620 ("Nagib filed a motion under 28 U.S.C. § 2255, collaterally attacking the district court's judgment of conviction. Nagib asked the district court to set aside his conviction and enter a new judgment to enable him to take a direct appeal to this court. As grounds for his petition, Nagib argued that his former lawyer, subsequently replaced, had provided him ineffective assistance of counsel in violation of his Sixth Amendment rights."). Therefore, petitioner has not demonstrated any jurisdictional basis for reinstating an appeal at this time, over two years after judgment was entered, outside of the context of a § 2255 motion.

2

within the time set by the court, he agrees to have the motion to reinstate recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed, on September 26, 2016. If, however, defendant responds within the time set by the court but does not agree to have the motion to reinstate recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

B.  Motion for Court Documents

In petitioner's motion for court documents, petitioner requests copies of his indictment, guilty plea agreement, guilty plea colloquy transcripts, and docket entry sheet. Pursuant to 28 U.S.C. § 1914, in addition to filing fees, "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). With respect to fees for copies, the Judicial Conference Schedule of Fees appended to the statute states that the following copying fee, among other fees, "are to be charged for services provided by the district courts." Id. (District Court Miscellanous Fee Schedule, Effective December 1, 2016):

> [] For reproducing any record or paper, $.50 per page. This fee shall apply to paper copies made from either: (1) original documents; or (2) microfiche or microfilm reproductions of the original records. This fee shall apply to services rendered on behalf of the United States if the record or paper requested is available through electronic access.

Id. Thus, as a general rule, the court must charge $.50 per page to provide paper copies of documents filed on the record in a case, including as applicable here indictment, plea agreement, and docket sheet. Petitioner may make request directly to the Clerk of Court's office for copies of such filed documents, and remit payment, at the rate of $.50 per page, for any copies sought.

3

Accordingly, petitioner's motion for copies at government expense, in that part relating to the indictment, plea agreement, and docket sheet (DE 89), is DENIED WITHOUT PREJUDICE.

With respect to petitioner's request for a guilty plea colloquy hearing transcript, no such transcript is filed on the docket. Therefore, that part of the request for copies at government expense (DE 89) is DENIED AS MOOT.

To the extent petitioner seeks to obtain a transcript at government expense, the court construes the request as a motion to obtain transcript of the plea colloquy at government expense. The circumstances under which the court may provide an indigent criminal defendant a copy of a transcript upon his request are addressed by 28 U.S.C. § 753(f). Specifically, § 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see United States v. MacCollum, 426 U.S. 317, 326 (1976). An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

At this juncture in the case, petitioner has not demonstrated a particularized need for such transcript, prior to petitioner's response to the instant Castro notice, filing of § 2255 motion on correct form, and any government response thereto. Therefore, the remaining part of petitioner's motion for court documents (DE 89), pertaining to petitioner's request to obtain transcript at government expense, is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 22nd day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge